ORIGINAL

1  BURNS & MOSS
   George S. Burns (Bar No. 124507)
2  Veronika Gerth (Bar No. 228436)
   620 Newport Center Drive, Suite 600
3  Newport Beach, CA 92660
   Telephone: (949) 263-6777
4  Facsimile:  (949) 263-6780

5  Attorneys for Plaintiff Mercury Air Group, Inc.,
   a Delaware corporation

FILED
Superior Court of California
County of Los Angeles

FEB 13 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
    Marion Gomez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL DISTICT

| | |
|---|---|
| Mercury Air Group, Inc., a Delaware corporation, | CASE NO.: **BC693842** |
| | Assigned for all purposes to: |
| | Judge Hon. |
| Plaintiff, | Dept. |
| vs. | **COMPLAINT** |
| Kronos Incorporated, a Massachusetts corporation and DOES 1 through 10, inclusive, | |
| Defendant. | |

BY FAX

COMPLAINT

CIT/CASE: BC693842
LEA/DEF#:

RECEIPT #: CCH621759081
DATE PAID: 02/13/18  02:11 PM
PAYMENT: $435.00                    310
RECEIVED:
    CHECK:      $435.00
    CASH:         $0.00
    CHANGE:       $0.00
    CARD:         $0.00

1  Plaintiff Mercury Air Group, Inc. ("Mercury") for its complaint against defendant,
2  alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Mercury is, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and is qualified to do business and doing business in the State of California.

2. Mercury is informed and believes and based thereon alleges that defendant Info Kronos Incorporated ("Kronos") is a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts, and is qualified to do business and doing business in the State of California, County of Los Angeles.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, are presently unknown to Mercury who therefore sues said defendants by such fictitious names. Mercury will amend this complaint to reflect these defendants' true names and capacities when the same have been ascertained, or to conform to proof at trial.

4. Mercury is informed and believes and thereon alleges that each defendant, including the fictitiously named defendants, was at all times mentioned herein the agent, servant, employee, partner, coventurer, affiliate, or coconspirator of each remaining defendant. Mercury is informed and believes and thereon alleges that each defendant is jointly and severally liable for all injuries and damages resulting from the act of each and every other defendant. Each allegation asserted herein against any named defendant is hereby incorporated and alleged against each fictitiously named defendant.

5. Venue for this action properly lies in the Los Angeles County Superior Court because the contract alleged herein was entered into and performed in this county.

6. Plaintiff and Kronos entered into a written agreement under which Kronos would provide expert services to assure that Mercury would properly calculate wages and other benefits owed to its employees, including break time, rest time, overtime, and other specialized benefits, in compliance with all relevant state and federal laws and regulations (the Kronos Agreement).

7. Plaintiff relied on Kronos for its expertise and advice in this regard, and frequently received assurances that Kronos was properly advising Mercury in all areas of its expertise.

8. The advice that Kronos provided was grossly incompetent. As a direct result, Mercury was named in a class action lawsuit alleging failure to pay various wages, including improper calculations of overtime, rest periods, and meal periods. Starks v. Mercury, LASC no. BC 614 067. In February 2017, Mercury was presented with evidence in the Starks case that demonstrated that Mercury, in reliance on the expertise and advice of Kronos, had committed acts and omissions that left it exposed to a significant money judgment, plus possible fines and punitive damages, for improperly calculating and paying employee wages. In October, 2017, Mercury therefore was compelled to enter into a settlement agreement of Starks requiring payment to the Class Claimants of over a million dollars.

9. Mercury therefore seeks remedies against Kronos including indemnity for all amounts Mercury expended in the defense and settlement of the Starks case, and a refund from Kronos of all amounts that Mercury paid it for its incompetent services.

# FIRST CAUSE OF ACTION

## For Breach of Contract

### (Against All Defendants)

10. Mercury repeats and realleges each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth herein in full.

11. Mercury performed all its required conditions and terms under the Kronos Agreement.

12. Kronos provided services under the Kronos Agreement that were grossly incorrect, and breached its obligations thereunder. As a direct result of the breach by Kronos of the agreement, Mercury has been damaged in an amount subject to proof, but in excess of $1,000,000.

# SECOND CAUSE OF ACTION

### (Implied Indemnity Against All Defendants)

13. Mercury repeats and realleges each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth herein in full.

14. The Starks complaint alleged damages arising out of the calculation by Mercury of wages due to the Class Claimants, which calculations were based on the incorrect advise provided by Kronos.

15. Mercury incurred, and continues to incur, attorney's fees, court costs, investigative costs and settlement payment costs in connection with defending the <u>Starks</u> case, in excess of $1,000,000.

16. Mercury was compelled to settle <u>Starks</u> solely and directly due to the improper conduct of Kronos, as alleged above. Therefore, Mercury is entitled to be indemnified by Kronos for such liabilities, costs and expenses.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against all Defendants)

17. Mercury repeats and realleges each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth herein in full.

18. An actual controversy has arisen between Mercury and defendants with respect to their rights and duties under the Kronos Agreement, and the performance of Kronos under the Kronos Agreement, in that Mercury contends that Kronos is responsible for the damages which the <u>Starks</u> Class Claimants sought against Mercury. Mercury is informed and believes and thereon allege that defendants dispute this contention.

19. Mercury therefore is entitled to a declaratory judgment finding the proportional amount of financial responsibility as between Mercury and Kronos for the <u>Starks</u> settlement.

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity Against All Defendants)

20. Mercury repeats and realleges each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth herein in full.

21. Mercury contends that its potential liability to the Starks claims claimants was based entirely on the improper conduct of Kronos, as alleged above.

## FIFTH CAUSE OF ACTION

### (Contribution Against All Cross-Defendants)

22. Mercury repeats and realleges each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth herein in full.

23. Mercury contends that it was in no way legally responsible for the damages alleged in the Starks complaint, and that Kronos is obligated to reimburse Mercury and is liable to Mercury for the amounts paid under the Starks settlement by way of contribution, and cross-complainant accordingly asserts herein such right to contribution.

WHEREFORE, Mercury prays for judgment as follows:

1. For compensatory damages in an amount subject to proof, but in excess of $1,000,000;

2. For interest as provided by law;

3. For costs of suit herein incurred;

5

COMPLAINT

4. For such other and further relief as the court may deem just and proper.

5. For a declaration of the parties' rights and duties;

6. For attorney's fees, court costs, investigative costs and other expenses incurred in the defense of the <u>Starks</u> complaint according to proof;

7. For such other and further relief as the court may deem just and proper;

8. For an order of the court declaring the percentage of fault, if any, between Mercury and defendants, and each of them, for damages and losses allegedly caused to plaintiffs in the <u>Starks</u> case;

9. For an order of the court awarding judgment in favor of plaintiff against defendants, and each of them, based upon the relative percentage of fault of each party for the damages claimed in the <u>Starks</u> case; and

10. For an order of this court that Mercury is entitled to be fully indemnified by defendants, and each of them, for all costs, expenses, attorney fees and settlement payments incurred by Mercury in connection with the <u>Starks</u> case.

Dated: February 12, 2018

BURNS & MOSS



By: _____
George S. Burns
Attorneys for Plaintiff Mercury Air Group, Inc.

2

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| George S. Burns (SBN: 124507)<br>Burns & Moss<br>620 Newport Center Drive, Suite 600<br>Newport Beach, CA 92660<br>TELEPHONE NO.: 949-263-6777  FAX NO.:<br>ATTORNEY FOR *(Name):* Mercury Air Group, Inc. | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**FEB 13 2018**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Marion Gomez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: Mercury Air Group, Inc. v. Kronos Incorporated

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC693842<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
|  | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |  |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) |  |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) |  |
| [ ] Other employment (15) |  |  |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 12, 2018

George S. Burns (SBN: 124507)
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET | CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item **1**, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Page 2 of 2

ORIGINAL

| SHORT TITLE: Mercury Air Group, Inc. v. Kronos Incorporated | CASE NUMBER BC698842 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 1, 11 |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.3 |
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

LA-CV109

| SHORT TITLE: Mercury Air Group, Inc. v. Kronos Incorporated | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons (See Step 3<br>Above) |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☒ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Mercury Air Group, Inc. v. Kronos Incorporated | | CASE NUMBER | |
|---|---|---|---|
| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step Above |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Mercury Air Group, Inc. v. Kronos Incorporated | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: 2780 Skypark Drive, Suite 300 |
|---|---|
| CITY: Torrance | STATE: CA  ZIP CODE: 90505 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Los Angeles</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>Feb. 12, 2018</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)
George S. Burns

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.