UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MERCURY AIR GROUP, INC., a Delaware corporation; MERCURY AIR CARGO, INC., a California corporation,<br><br>             Plaintiffs,<br><br>      vs.<br><br>KRONOS INCORPORATED which will do business in California as KRONOS DATA SYSTEMS INCORPORATED,  Massachusetts corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | CASE NO. 2:18-cv-04139-AB (SKx)<br><br>***Assigned to The Hon. Andre Birotte, Jr.—Courtroom 7B***<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Trial Date:      September 10, 2019 |

Preliminary Statement

1.      A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0341-6947.1

STIPULATED PROTECTIVE ORDER

1  Order does not confer blanket protections on all disclosures or responses to

2  discovery and that the protection it affords from public disclosure and use extends

3  only to the limited information or items that are entitled to confidential treatment

4  under the applicable legal principles. The parties further acknowledge, as set forth in

5  Section 12.3, below, that this Stipulated Protective Order does not entitle them to

6  file confidential information under seal; Civil Local Rule 79-5 sets forth the

7  procedures that must be followed and the standards that will be applied when a party

8  seeks permission from the court to file material under seal.

9      B. GOOD CAUSE STATEMENT

10         This action is likely to involve trade secrets, marketing information and other

11  valuable research, development, commercial, financial, technical and/or proprietary

12  information for which special protection from public disclosure and from use for

13  any purpose other than prosecution of this action is warranted. Such confidential and

14  proprietary materials and information consist of, among other things, confidential

15  business or financial information, information regarding confidential business

16  practices, or other confidential research, development, or commercial information

17  (including information implicating privacy rights of third parties), information

18  otherwise generally unavailable to the public, or which may be privileged or

19  otherwise protected from disclosure under state or federal statutes, court rules, case

20  decisions, or common law. Accordingly, to expedite the flow of information, to

21  facilitate the prompt resolution of disputes over confidentiality of discovery

22  materials, to adequately protect information the parties are entitled to keep

23  confidential, to ensure that the parties are permitted reasonable necessary uses of

24  such material in preparation for and in the conduct of trial, to address their handling

25  at the end of the litigation, and serve the ends of justice, a protective order for such

26  information is justified in this matter. It is the intent of the parties that information

27  will not be designated as confidential for tactical reasons and that nothing be so

28  designated without a good faith belief that it has been maintained in a confidential,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    <u>Action:</u> *Mercury Air Group, Inc., et al. v. Kronos Incorporated,* CASE NO. 2:18-cv-04139- AB-SK.

2.2    <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL,":</u> Documents, information or tangible things (regardless of how generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), and include 1.) items that have been designated as confidential by virtue of a contractual agreement between the identified parties/non-parties, 2.) financial records of parties and non-parties, and 3.) any other documents or materials wherein a party or non-party has good faith belief that disclosure of the subject material would create a substantial risk of serious privacy or financial violations, or other injury that cannot be avoided by less restrictive means.

2.4. <u>"CONFIDENTIAL - ATTORNEYS' EYES ONLY":</u>   Documents, information or tangible things (regardless of how generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), and include 1.) documents or items of a proprietary business or technical nature that, if disclosed to a party may be of value to a competitor or potential customer of the party or a Non-Party, and 2.) documents that may reveal a trade secret or other information of the Party or a Non-Party holding the proprietary rights thereto which may be detrimental if revealed to another person or entity.

2.5    <u>Counsel:</u>  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

4824-0341-6947.1
3
STIPULATED PROTECTIVE ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

ONLY".

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 unjustifiably within the ambit of this Order.

2      Mass, indiscriminate, or routinized designations are prohibited. Designations
3 that are shown to be clearly unjustified or that have been made for an improper
4 purpose (e.g., to unnecessarily encumber the case development process or to impose
5 unnecessary expenses and burdens on other parties) may expose the Designating
6 Party to sanctions.

7      If it comes to a Designating Party's attention that information or items that it
8 designated for protection do not qualify for protection, that Designating Party must
9 promptly notify all other Parties that it is withdrawing the inapplicable designation.

10      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
11 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
12 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
13 under this Order must be clearly so designated before the material is disclosed or
14 produced.

15      Designation in conformity with this Order requires:

16      (a) for information in documentary form (e.g., paper or electronic documents,
17 but excluding transcripts of depositions or other pretrial or trial proceedings), that
18 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or
19 "CONFIDENTIAL - ATTORNEYS' EYES ONLY." (hereinafter
20 "CONFIDENTIALITY legend"), to each page that contains protected material. If
21 only a portion or portions of the material on a page qualifies for protection, the
22 Producing Party also must clearly identify the protected portion(s) (e.g., by making
23 appropriate markings in the margins).

24      A Party or Non-Party that makes original documents available for inspection
25 need not designate them for protection until after the inspecting Party has indicated
26 which documents it would like copied and produced. During the inspection and
27 before the designation, all of the material made available for inspection shall be
28 deemed "CONFIDENTIAL." After the inspecting Party has identified the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  documents it wants copied and produced, the Producing Party must determine which

2  documents, or portions thereof, qualify for protection under this Order. Then, before

3  producing the specified documents, the Producing Party must affix the

4  "CONFIDENTIALITY legend" to each page that contains Protected Material. If

5  only a portion or portions of the material on a page qualifies for protection, the

6  Producing Party also must clearly identify the protected portion(s) (e.g., by making

7  appropriate markings in the margins).

8      (b)  for information produced in some form other than documentary and for

9  any other tangible items, that the Producing Party affix in a prominent place on the

10  exterior of the container or containers in which the information is stored the legend

11  "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" .If

12  only a portion or portions of the information warrants protection, the Producing

13  Party, to the extent practicable, shall identify the protected portion(s).

14      (c)    all depositions or portions of depositions taken in this action that

15  contain Protected Material may be designated "CONFIDENTIAL"," or

16  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and thereby obtain the

17  protections accorded other "CONFIDENTIAL," or "CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY" – documents.  Confidentiality designations for

19  depositions shall be made either on the record or by written notice to the other party

20  within 14 days of receipt of the final transcript.  Unless otherwise agreed depositions

21  shall be treated as "Confidential" until 14 days after receipt of the final transcript.

22  The deposition of any witness (or any portion of such deposition) that includes

23  Protected Material shall be taken only in the presence of persons who are qualified

24  to have access to such information pursuant to this Order.

25

26      (d)    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an

27  inadvertent failure to designate qualified information or items does not, standing

28  alone, waive the Designating Party's right to secure protection under this Order for



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    insurers participating in the handling of this matter and professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    persons shown on the face of the document to have authored or received it;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (i)    any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3    7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4    Information or Items. Unless otherwise ordered by the court or permitted in writing

5    by the Designating Party, a Receiving Party may disclose any information or item

6    designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY " only to the persons

7    or category of persons described above in paragraphs 7.2(a) and 7.2(c) through (i).

8    7.4    The Designating Party's counsel shall be notified at least 11 days prior

9    to disclosure pursuant to paragraphs 7.2 (c), 7.2(f), and 7.2(h) to a person who is

10   known to be an employee of any competitor of the party whose designated

11   documents are sought to be disclosed. Such notice shall provide a reasonable

12   description of the outside independent person to whom disclosure is sought

13   sufficient to permit objection to be made. If a party objects in writing to such

14   disclosure within 10 days after receipt of notice, no disclosure shall be made until

15   the party seeking disclosure obtains the prior approval of the Court or the objecting

16   party.

17   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

18   <u>PRODUCED IN OTHER LITIGATION</u>

19   If a Party is served with a subpoena or a court order issued in other litigation

20   that compels disclosure of any information or items designated in this Action as

21   "CONFIDENTIAL,"  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that

22   Party must:

23   (a)    promptly notify in writing the Designating Party. Such notification

24   shall include a copy of the subpoena or court order;

25   (b)    promptly notify in writing the party who caused the subpoena or order

26   to issue in the other litigation that some or all of the material covered by the

27   subpoena or order is subject to this Protective Order. Such notification shall include

28   a copy of this Stipulated Protective Order; and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (c)    cooperate with respect to all reasonable procedures sought to be

2    pursued by the Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with

4    the subpoena or court order shall not produce any information designated in this

5    action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY," before a determination by the court from which the subpoena or order

7    issued, unless the Party has obtained the Designating Party's permission. The

8    Designating Party shall bear the burden and expense of seeking protection in that

9    court of its confidential material and nothing in these provisions should be construed

10   as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

11   directive from another court.

12   9.    PARTY ANDNON-PARTY PROTECTED MATERIAL SOUGHT TO BE

13   PRODUCED IN THIS LITIGATION

14       (a)    The terms of this Order are applicable to information produced by a

15   Non-Party in this Action and designated as "CONFIDENTIAL," or

16   "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  Non-Parties shall be provided

17   with a copy of this Order in connection with service of any subpoenas in order to

18   facilitate designation of Protected Material.   Protected Material produced by Non-

19   Parties in connection with this litigation is protected by the remedies and relief

20   provided by this Order. Nothing in these provisions should be construed as

21   prohibiting a Non-Party from seeking additional protections.

22       (b)    In connection with the production of any documents in response to a

23   subpoena, the deposition officer will hold the records for 5 business days after the

24   production date before disseminating them to the subpoenaing party or any other

25   interested Party.  During those 5 business days, only the Party whose records or

26   affiliated records were sought by way of the subpoena may inspect the records in

27   order to identify and designate any Protected Material, and/or determine whether

28   any further protective orders are necessary to prevent harm.  After the expiration of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the 5 business days, the deposition officer may produce copies of the records under the subpoena.  The procedure set forth in this paragraph will not serve to prevent any Party from designating Protected Material after receipt of any document under the subpoena from the deposition officer.  (c)        In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(d) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

4824-0341-6947.1

12

STIPULATED PROTECTIVE ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any discovery material made in connection with this action that a party claims was inadvertent and should not have been produced or disclosed for any reason, including but not limited to attorney-client privilege, work-product, or confidentiality ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part of privilege, confidentiality, and any other protections o which the party would have been entitled had the Inadvertently Produced Material not inadvertently been disclosed, either as to the specific information and/or documents disclosed or as to any other related information and/or documents in this case and in any other federal or state proceeding. In the event of such claimed inadvertent disclosure, the following procedures shall be followed:

(a)    The party producing the document (the "Producing Party") shall notify lead counsel for the receiving parties in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material;

(b) If the Producing Party requests the return of any such Inadvertently Produced Material, those to whom the request is made shall return to the producing party immediately all copies of the affected material within their possession, custody, or control-including all copies in the possession of experts, consultants, or others to whom the Inadvertently Produced Material was provided;

(c) In addition, all notes or other work product of the receiving party

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

reflecting the contents of such Inadvertently Produced Material shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database;

(d) The receiving party shall confirm in writing within 5 business days of being notified of the inadvertent production that all copies of the Inadvertently Produced Material have been returned or destroyed; and

(e) The party returning such Inadvertently Produced Material may thereafter seek reproduction of any such documents pursuant to applicable law.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED ___9-21-18___

_____

Attorneys for Plaintiff

DATED: _____

_____

Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____

_____

The Hon. Steve Kim
United States Magistrate Judge

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED _____

_____/s/_____
Attorneys for Plaintiff

DATED: _____September 21, 2018_____

_____/s/ Jasmin Yang_____
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____September 25, 2018_____

_____
The Hon. Steve Kim
United States Magistrate Judge


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-0341-6947.1

16

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,_____[print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____in the case of *Mercury Air Group, Inc., et al. v. Kronos Incorporated*, CASE NO. 2:18-cv-04139-AB-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW